**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

BIC CORPORATION, *et al.*,
Plaintiffs,

v.

TRIDENT WHOLESALE, INC., *doing business as* GANDHI WHOLESALE, *et al.*,
Defendants.

Civil Action No.
1:25-cv-05048-SDG

# ORDER

This matter is before the Court on Plaintiffs BIC Corporation and BIC USA Inc.'s ("BIC's") Motion for Sanctions [ECF 77]. The Court held a hearing on the Motion on June 23, 2026. Having considered the briefing, the record, and argument of counsel, BIC's motion is **GRANTED IN PART and DENIED IN PART**. Defendants are ordered to supplement their document production and associated discovery responses, in particular to include the custodians identified below. BIC's request for monetary sanctions or an adverse inference of willfulness is **DENIED**. BIC may renew its request if Defendants fail to comply with this Order or if the record later supports such relief.

BIC instituted the Court's informal dispute resolution procedures and emailed the Court on February 26, 2026, seeking to bring a motion to compel.[1] The proposed motion raised several alleged discovery deficiencies, including

[1] ECF 71-2.

that: (1) Defendants' responses to BIC's First Set of Requests for Production ("RFPs") were inconsistent with Defendants' actual productions; (2) Defendants failed to produce data from phones that the Court ordered to be imaged; (3) Defendants failed to search relevant custodians' email and other communications; and (4) Defendants' responses to certain of BIC's interrogatories were materially incomplete and inadequate.[2]

On March 12, 2026, following a hearing about the discovery dispute, the Court ordered Defendants to provide "documentation . . . in the form of a report or otherwise [ ] from the [imaging] service that provides an explanation as to the manner in which the phones were imaged and the manner in which those images were searched for the discovery requests that were made."[3] The Court also ordered Defendants to supplement their responses to Interrogatory Nos. 1, 2, and 12 and RFP No. 35.[4] The Court further admonished defense counsel "to review all the responses that have been served to date in light of this conference. [BIC's counsel] mentioned Interrogatory Numbers 8 and 9 in the first set. I would say it would be prudent to review all of them and make sure that the production is complete."[5] The Court set April 13, 2026, as the deadline

---

2 *Id.*

3 ECF 74, at 30:4–9.

4 *Id.* at 30:10–16.

5 *Id.* at 30:16–21.

to provide the report and for Defendants to review and amend their written discovery responses.[6]

Having considered the parties' briefing on the motion for sanctions and heard argument during the June 23 hearing on the motion, the Court finds that Defendants have not fully complied with its March 12 Order. They did not produce documentation describing the "manner in which the phones were imaged and the manner in which those images were searched." Rather, Defendants produced a report that identified the search terms run, but that said nothing about when, how, and in what manner the phones were imaged and searched.[7] Defendants did produce an invoice from their vendor indicating that the imaging did take place as the Court directed in September 2025. However, Defendants' production was untimely, and the data was produced in a format that was inconsistent with the parties' then-existing ESI Agreement.[8]

Defendants also did not amend their Interrogatory or RFP responses (other than RFP No. 35). In light of BIC's evidence of relevant communications between Defendants and multiple third parties, it appears that Defendants

---

6 *Id.* at 30:21–22.

7 *See* ECF 78-27.

8 While Defendants' counsel unilaterally rescinded the ESI Agreement on May 13, 2026, *see* ECF 84-3, the Court will require Defendants to comply with the agreement in connection with this Order, particularly since the agreement was in effect at the time of the Court-ordered production on April 13.

have not adequately searched the email accounts, phones (other than the two previously ordered to be imaged), or other repositories of custodians likely to have responsive information. Defendants have thus not completed a reasonable or diligent search for documents responsive to several of BIC's RFPs, including RFP Nos. 1–2, 4–6, 19–33, and 35–38 (concerning documents and communications regarding BIC lighters and alleged bad acts). The record further indicates that Defendants did not identify custodians likely to have relevant information and did not complete a reasonable and diligent search for responsive documents and information. BIC has identified the following custodians as potentially having responsive information: Farooq Gandhi, Nizar Gandhi/Surani, Jyothi Namani, Ahmed Sayed, Ammaar Gandhi, and Mohamed Sadiq.

Under Fed. R. Civ. P. 37(b)(2)(A), "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," including a variety of sanctions. The rule "gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Additionally, Fed. R. Civ. P. 37(b)(2)(C) provides that "[i]nstead of or in addition to the orders [under Fed. R. Civ. P. 37(b)(2)(A)], the court ***must*** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the

failure, ***unless the failure was substantially justified or other circumstances make an award of expenses unjust***." (Emphases added.)

At the moment, the Court does not find that monetary sanctions against Defendants are warranted. The Court's *ex parte* seizure Orders—while permitted by law and warranted by the facts as presented to the Court—granted BIC unusually broad access to Defendants' records outside of the standard discovery process. Defendants' current counsel also joined this case well into the discovery period. None of this excuses any discovery malfeasance (or nonfeasance) by Defendants, who have been warned (and are warned again) that the discovery process is not a catch-me-if-you-can exercise. But the Court declines to impose monetary sanctions before the parties have reviewed the discovery sought from the identified custodians, considering the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the sought-after discovery to resolving the issues, and the burden and expense of the proposed discovery against its benefit. *See* Fed. R. Civ. P. 26(b)(1).

Based on the foregoing, the Court hereby **ORDERS** as follows:

1. Within 30 days of this Order, Defendants shall conduct and complete a reasonable and diligent search for and collection of all information responsive to BIC's discovery requests. This search and collection shall include, but is not limited to, the following:

   a. interviewing potential custodians, including the corporate Defendants' officers, directors, employees and agents, to determine who may possess responsive information and what sources or repositories may contain responsive information;

   b. the above-referenced custodians shall include, at a minimum, Farooq Gandhi, Jyothi Namani, Nizur Ghandi/Sarani, Amaar Gandhi, Mohamed Sadiq, and Ahmed Syed; and

   c. searching all sources reasonably likely to contain responsive information, including but not limited to desktop computers, laptop computers, phones, text messages, WhatsApp accounts (including messages, communities, and threads), cloud accounts and storage, cloud-based inventory and sales programs (i.e., Defendants' inventory and accounting system), chat or messaging applications, and email accounts, and any other repositories or sources used by custodians to conduct business on Defendants' behalf related to BIC pocket lighters,

including communications about BIC pocket lighters, suppliers, customers, sales, purchases, marketing, and distribution.

2. Defendants shall not limit their search or collection based on the fact that BIC previously conducted a seizure at Ghandhi Wholesale's warehouse because the seizure did not relieve Defendants of their independent discovery obligations to search for, collect, review, produce, and supplement responsive documents and information.

3. Additionally, within 30 days of this Order, Defendants shall serve the following on BIC by email:

a. A report (as previously ordered) describing the manner in which the phones of Farooq Gandhi and Jyothi Namani were imaged and the manner in which those images were searched, and shall include: (i) the amount of data collected from each phone; (ii) the manner in which the data was collected; and (iii) what data sources were searched (e.g., text messages; emails; encrypted chat apps; chats and direct messages from business apps like Slack; call logs; voicemails; notes; voice memos; downloaded files; and browsing history).

b. A written certification signed by counsel and each Defendant or Defendant representative detailing Defendants' search and collection efforts. The certification shall identify: (i) each

custodian interviewed; (ii) each custodian searched; (iii) each source or repository searched for each custodian; (iv) the date ranges searched; (v) the search terms, search methodology, and collection methodology used; (vi) any source or repository not searched and the reason it was not searched; and (vii) any additional steps Defendants will take to complete production or supplement discovery responses.

4. Within 45 days of this Order, Defendants shall: (a) produce all additional responsive documents and ESI located through the search and collection required by this Order and (b) serve supplemental discovery responses based on that search and collection, including supplemental responses to Interrogatory Nos. 1, 2, and 12 and Request for Production Nos. 1–2, 4–6, 19–33, and 35–38 and any other response that is incomplete or inaccurate in light of Defendants' search and collection efforts.

5. The production of ESI covered by this Order shall be made in compliance with the parties' prior ESI Agreement, including appropriate Bates numbering, parent-child relationship information, and metadata load files.

6. The costs associated with Defendants' compliance with this Order shall be borne by Defendants.

7. Failure to comply fully with this Order may result in further sanctions, including but not limited to an adverse inference of willfulness,

BIC's forensic examination of relevant custodians' devices or accounts, monetary sanctions, or any other relief the Court deems just and proper.

8. BIC may renew its request for monetary sanctions or an adverse inference if Defendants fail to comply with this Order or if the record later supports such relief.

Based on the foregoing, BIC's Motion for Sanctions [ECF 77] is **GRANTED IN PART and DENIED IN PART**.

IT IS SO ORDERED this 5th day of August, 2026.

Steven D. Grimberg
United States District Judge